UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: John and Brenda Coram,

                       Debtors.                    Case No. 09-70743-WSD
-----------------------------------------------------------        Hon. WALTER SHAPERO
John & Brenda Coram,                          Chapter 13

Plaintiffs,

vs.

                                                                   Adv. No.
GMAC Mortgage,

Defendant.

-----------------------------------------------------------

## COMPLAINT TO STRIP THE LIEN OF GMAC MORTGAGE PURSUANT TO 11 U.S.C. § 506(a)

NOW COME the Debtors, John and Brenda Coram ("Debtors"), by and through counsel, Boren & Carey, P.C., and for this Complaint to Strip the Lien of GMAC Mortgage states as follows:

### GENERAL ALLEGATIONS

1. This proceeding is brought pursuant to Bankruptcy Rule 7001(2).

2. This is a core proceeding in which this Court has jurisdiction pursuant to 28 USC § 1334(b).

3. Debtors filed their Voluntary Petition for Chapter 13 bankruptcy relief on October 3, 2009.

4. Venue in this court is proper, as the Real Property in question is located at 24824 Union, Dearborn, Michigan, 48124.

5. Upon information and belief, Defendant GMAC Mortgage is a financial institution doing business in the State of Michigan.

### COUNT I - STRIPPING THE LIEN OF GMAC MORTGAGE PURSUANT TO 11 U.S.C. § 506(a)

6. The Debtors are the owners and mortgagors of the following parcel of Real Property:

> LAND SITUATE IN THE CITY OF DEARBORN, WAYNE COUNTY, MICHIGAN DESCRIBED AS: LOT 276, INCLUDING THE ADJACENT ½

OF THE VACATED ALLEY AT REAR THEREOF, DEARBORN-TELEGRAPH SUBDIVISION, AS RECORDED IN LIBER 51, PAGE(S) 19 OF PLATS, WAYNE COUNTY RECORDS,

TAX ID NUMBER(S): 82-09-294-19-012,

Commonly known as 24824 Union, Dearborn, Michigan, 48124 ("Real Property").

7. The Real Property is subject to a first mortgage in favor of CitiMortgage ("First Mortgage").

   The principal balance is approximately $88,000.00.

8. The Real Property is also subject to a second mortgage in favor of Defendant GMAC Mortgage.

   The principal balance is approximately $22,000.00.

9. As of the date of the filing of the Voluntary Petition, the value of the Real Property was approximately $80,000.00.

10. Pursuant to 11 U.S.C. § 506(a)(1), a claim by a creditor is secured only to the extent of the value of the property, and unsecured to the extent that the amount of the claim exceeds the value of the property.

WHEREFORE, the Debtors, John and Brenda Coram, hereby request that this Honorable court enter Judgment in favor of the Debtors as follows:

1. **IT IS HEREBY ORDERED** that upon completion of the Debtors' Chapter 13 plan and the entry of the Chapter 13 Discharge Order in Bankruptcy Case No. 09-70743, the mortgage ("Mortgage") dated September 13, 2004, covering the following described property ("Property") situated in the City of Dearborn, County of Wayne, State of Michigan, and further described as follows:

   LAND SITUATE IN THE CITY OF DEARBORN, WAYNE COUNTY, MICHIGAN DESCRIBED AS: LOT 276, INCLUDING THE ADJACENT ½ OF THE VACATED ALLEY AT REAR THEREOF, DEARBORN-TELEGRAPH SUBDIVISION, AS RECORDED IN LIBER 51, PAGE(S) 19 OF PLATS, WAYNE COUNTY RECORDS,

   TAX ID NUMBER(S): 82-09-294-19-012,,

   Commonly known as 24824 Union, Dearborn, Michigan, 48124 ,

recorded on October 28, 2004, by the Wayne County Register of Deeds at Liber 41593, Pages 890, shall be stripped from the Property and Discharged.

2. **IT IS FURTHER ORDERED** that upon completion of the Debtors' Chapter 13 plan and the entry of a Chapter 13 discharge order in Bankruptcy Case No. 09-70743, the Debtors may record a certified copy of this Order, with a copy of the Debtors' Chapter 13 discharge order attached, with the Wayne County Register of Deeds, which will constitute and effectuate a discharge of the Mortgage.

3. **IT IS FURTHER ORDERED** that if the Debtors fail to complete the Debtor's Chapter 13 plan and obtain a Chapter 13 discharge order in Bankruptcy Case No. 09-70743, this Order does not affect the validity or enforceability of the Mortgage and may not be used in any subsequent bankruptcy case of the Debtors either to compel the holder of the Mortgage to execute a discharge of the Mortgage, or to otherwise act as a discharge of the Mortgage.

Respectfully submitted,

*/s/ Paige R. Harley*
CHRISTOPHER M. CAREY (P51527)
PAIGE R. HARLEY (P71950)
Attorneys for the Debtors
Boren & Carey, P.C.
2727 S. Telegraph Rd.
Dearborn, MI 48124
(313) 274-2999
ECF@borencarey.com

Dated: 10/12/09